# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| LA'SHAN DENEICE JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:13-4401 |
| ) | |
| SANDRA BUTLER, Warden, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's Motion to Dismiss (Document No. 40.), filed on May 30, 2014. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by the Respondent in moving to dismiss. (Document No. 42.) Petitioner failed to file a Response to Respondent's Motion. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's Motion should be granted.

## PROCEDURE AND FACTS

On January 22, 2013, Petitioner,[1] acting *pro se*, filed in the Eastern District of Virginia a Motion to Proceed *in Forma Pauperis* and an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document Nos. 1 and 4.) Petitioner alleges

---

[1] On December 6, 2010, Petitioner pled guilty in the United States District Court for the Eastern of Virginia to Wire Fraud in violation of 18 U.S.C. § 1343 and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and (c). *United States v. Johnson*, Case No. 4:10-cr-0111 (E.D.Va. April 13, 2011), Document No. 13. On April 13, 2011, the District Court sentenced Petitioner to a total term of 51-months, to be followed by a three year term of supervised release. *Id.*, Document No. 23.

that the BOP is improperly denying her pre-release placement in violation of the Second Chance Act. (Document No. 1.) First, Petitioner alleges that the BOP violated the Second Chance Act by failing to engage in an individualized determination by applying the five statutory factors. (Id., pp. 6 - 7.) Petitioner complains that the Respondent is improperly "considering the 10% rule when selecting the appropriate portion of sentence that is to be served in a CCC." (Id.) Second, Petitioner complains that Respondent is delaying her "relocating to residential release area." (Id.) Petitioner contends that Unit Staff is refusing to submit necessary documents to the Texas probation office. (Id., p. 7.)

By Order entered on March 6, 2013, the District Court for the Eastern District of Virginia transferred this matter to this District as Petitioner was incarcerated at FPC Alderson. (Document No. 5.) On March 14, 2013, the Court granted Petitioner's Motion to Proceed *in Forma Pauperis* and ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 9.)

On April 1, 2013, Petitioner filed the following Exhibits: (1) A copy of her "Journal Entries" (Document No. 10, pp. 2 - 4.); (2) A copy of "Valley Unit Open House and Weekly Schedule for March 17, 2013 - March 23, 2013" (Id., p. 4.); (3) A copy of Petitioner's "Inmate Request to Staff" dated August 13, 2012 (Id., p. 5.); (4) A copy of Petitioner's "Inmate Request to Staff" dated February 27, 2013 (Id., p. 6.); (5) A copy of Petitioner's "Inmate Request to Staff" dated February 28, 2013 (Id., pp. 7 - 10.); (6) A copy of a "Sentence Computation Illustration" as prepared by Petitioner (Id., p. 11.); (7) A copy of Petitioner's "Inmate Skills Development Plan" dated February 26, 2013 (Id., pp. 12 - 14.); (8) A copy of "Incoming mail sent from Petitioner's spouse displaying

current release address" (Id., pp. 15 - 17.); and (9) A copy of a portion of a Program Statement (Id., pp. 18 - 20.).

On April 11, 2013, Respondent filed her Response to the Order to Show Cause. (Document No. 11.) Respondent argued that Petitioner's Petition should be denied based on the following: (1) Petitioner did not exhaust her administrative remedies (Id., p. 3.); and (2) "The BOP has fulfilled its obligation to review Petitioner for an RRC placement pursuant to the factors in 18 U.S.C. § 3621(b)" (Id., pp. 3 - 6.). Petitioner filed her Reply on May 9, 2013. (Document No. 14.)

By letter dated May 22, 2013, Petitioner advised the Court that the BOP staff were delaying her RRC placement by refusing to provide the Probation Office in Texas with necessary documents. (Document No. 15.) On May 31, 2013, Respondent filed her Reply to Petitioner's letter. (Document No. 16.)

On July 30, 2013, Petitioner filed her Petition for Writ of Mandamus requesting that "the Court will be compelled to act immediately in accordance to the United States law to which they are bound and grant the Petitioner's request and vacate the last 6 (six) months as of September 6, 2013, of the Petitioner's term of imprisonment and release her to begin serving the (3) three years of supervised release for the prejudice and injustice suffered and her extraordinary accomplishments shown per the current program review (July 14, 2013) for the 34 certificates for Post-Sentencing Rehabilitation Programming." (Document No. 24.)

By Proposed Findings and Recommendation entered on September 24, 2013, the undersigned recommended that the District Court deny Petitioner's Petition for Writ of Mandamus and Section 2241 Petition. (Document No. 31.) On October 4, 2013, Petitioner filed her letter-form Motion for Extension of Time to File Objections. (Document No. 32.) By Order entered on October 15, 2013,

United States District Judge David A. Faber granted Petitioner's Motion for Extension of Time. (Document No. 36.) Petitioner filed her Objections on November 7, 2013. (Document No. 37.)

On May 30, 2014, Respondent filed a Motion to Dismiss. (Document No. 40.) Specifically, Respondent argues that Petitioner's Section 2241 Petition should now be dismissed as moot because "Petitioner was released from FPC Alderson via Good Conduct Time release on March 6, 2014." (Id., p. 2.) As Exhibits, Respondent attaches the following: (1) The "Supplemental Declaration of Sharon Wahl" (Id., pp. 5 - 6.); (2) A copy of Petitioner's "Public Information Inmate Data As of 05-19-2014" (Id., p. 7.); (3) A copy of Petitioner's "Public Information Inmate Data As of 03-6-2014" (Id., pp. 8 - 10.); (4) A copy of Petitioner's "Inmate Profile" dated May 19, 2014 (Id., pp. 11 - 12.)

By Order entered on July 2, 2014, Respondent's above Motion to Dismiss was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 41.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner on July 3, 2014, advising her of the right to file a response to the Respondent's Motion to Dismiss. (Document No. 42.) Petitioner, however, failed to file a Response to Respondent's Motion to Dismiss.

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus*

proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[2] and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 40.) and **REMOVE** this matter from the Court's docket.

---

[2] The record indicates that Petitioner was released from custody on March 6, 2014. (Document No. 40, pp. 5, 7 - 8, 11.)

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: September 5, 2014.

R. Clarke VanDervort
United States Magistrate Judge